182 So.2d 498 (1966)
Louis William PARKER, Appellant,
v.
Florence Edith PARKER, Appellee.
No. 389.
District Court of Appeal of Florida. Fourth District.
February 3, 1966.
H.J. Frazier and Charles M. Prince, of Patterson & Maloney, Fort Lauderdale, for appellant.
*499 Cromwell A. Anderson and Robert B. Wallace, of Smathers & Thompson, Miami, for appellee.
WALDEN, Judge.
This interlocutory appeal challenges the correctness of an order permitting discovery under Rules 1.27 and 1.28, Fla.R.Civ.P., 30 F.S.A.
The husband, appellant here, sued for divorce after a marriage of over thirty years. Of the issue one minor child remains for whom provision is required. The complainant asserted that he was able to pay reasonable amounts for the needs and necessities of the wife and child.[1]
The wife answered making issue and saying that she was without knowledge as to the extent of the husband's financial resources.[2] She also counterclaimed for separate maintenance under the provisions of F.S.A. § 65.09, and specifically prayed for child support, alimony and counsel fees.
The case being then contested with issue joined, we come now to the discovery effort. Via motion to produce under Rule 1.28, Fla.R.Civ.P., 30 F.S.A., the husband was asked to produce his 1964 income tax return and, via Rule 1.27, Fla.R.Civ.P., 30 F.S.A., he was asked to list his assets together with valuations and locations. The husband objected to such discovery solely upon the grounds of relevance and materiality and filed in bar what he chose to call a Written Admission and Stipulation of Fact signed by his attorney of record wherein he simply asserts that he has a net worth in excess of five million dollars and the ability to supply the needs of the dependents.[3]
The chancellor granted the motion to produce and overruled the objections to interrogatories, and this appeal ensued.
*500 Rule 1.21(b), Fla.R.Civ.P., 30 F.S.A.[4], sets forth the proper scope of these discovery devices and we notice that inquiry may be had as to any matter relevant to the subject matter involved in the pending action, whether it relates to any claim or defense, and without regard to trial admissibility so long as it seems reasonably calculated to lead to the discovery of admissible evidence. Thus, discovery is not confined solely to pending issues and a party may "fish" within these stated limits. We are also mindful in approaching this problem that wide discretion is vested in trial courts in matters of discovery.[5] Also of interest is the author's comment which follows Rule 1.21 in 30 F.S.A. at page 484.[6]
A dependent wife and child in a divorce suit necessarily make the husband's income and assets material and relevant to the suit's subject matter, and, in the instant case  relevant to the pending issues, as the breadwinner's financial abilities are prime ingredients in the equation used to determine the amount and kind of financial relief to be afforded. The question though in this appeal is whether or not the dependents are entitled to the detailed facts as concerns the husband's financial position in the face of the husband's naked assertion as above set forth. We must say, based upon our understanding of the Rules and the philosophy behind them, that we do not look with favor upon the husband's position in not wishing to reveal any of the details of his financial position and his effort to bridle the dependents' discovery rights by substituting his secondary non-verifiable conclusion in lieu of primary detailed facts. The adversary and the court are entitled to the whole factual picture to the end that an independent complete understanding and evaluation may be had.
Without undertaking to catalog all instances where the details of the husband's estate and income would be relevant and material to the suit's subject matter, the following suppositions are suggested:
A. A determination as to the amount and kind of alimony, and particularly as to whether it is to be awarded as lump sum or in installments.
B. A determination as to whether the husband's assertion as to his net worth is truthful and accurate.
C. A determination as to whether the husband should post or provide security *501 for the future payments of alimony and child support.
D. A determination as to whether the wife is entitled to any special equity as to assets accumulated during the marriage.
E. A determination as to whether the husband has been guilty of misconduct during the marriage, i.e. by possibly spending or giving money to another woman.
F. A determination as to standards of living.
G. A determination as to whether the husband intends to secrete his assets and possibly defeat the enforcement of the decree by so doing and leaving the jurisdiction.
The case of Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169, was proffered in support of the appellant's position. While it might very well be distinguished upon the facts we simply decline its pronouncements as a matter of law upon the ground that its understandings were obtained under the old Equity Rules 48 and 49[7]; which rules were abolished upon the adoption of the 1954 Florida Rules of Civil Procedure. A comparison of the respective rules discloses fundamental differences. The Equity Rules are read and interpreted to be more limited in application than the comparative 1954 Rules of Civil Procedure. Basically, it appears that the scope of the Equity Rules is limited to matters relevant to the issues made by the pleadings in the case while, as reflected by Rule 1.21(b), Fla.R.Civ.P., supra, the scope under the new rules is specifically related to the suit's subject matter without limitation by the paper issues made by the respective claims and defenses. In this regard we note in Jacobs v. Jacobs, supra, 50 So.2d at page 173, this reference to Equity Rule 49, "The sole purpose of the rule is to procure evidence pertinent to the issues", and further, "In light of the issues made by the pleadings, it is our conclusion that the production of the books * * * is not material, relevant or pertinent to the issues and for said reason the order was improper and should be quashed". We, therefore, conclude that the Jacobs case, supra, has no application to the instant case.
In the interest of obtaining the truth and rendering a just decree based upon the law and facts, a difficult task under the best of conditions, we feel that the wife is entitled to the information she seeks and that the husband cannot handicap his wife and the court by limiting the discovery as he seeks to do.
Affirmed.
SMITH, C.J. and ANDREWS, J., concur.
NOTES
[1] The husband's complaint contained the following: "The plaintiff through certain of his inventions enjoys substantial financial success and is financially able to pay reasonable amounts for the needs and necessities of the wife and minor child, which may be determined by the Court. The plaintiff is financially able to pay defendant's suit money if the Court determines that she is entitled to the same. * * * The defendant has substantial sums of money in her individual name which were gifts from the plaintiff, and in addition thereto, the parties hold substantial amounts of real estate jointly which interest of the defendant was acquired from plaintiff by gift. * * * Upon final hearing, grant the plaintiff the following: (a) Joint custody of Raymond Parker; (b) A divorce a vinculo matrimonii; (c) Division of the jointly held property; (d) A determination of the plaintiff's obligation to the defendant and the minor child for support, maintenance, alimony and suit money, if any; (e) Such other relief as the Court may deem just and equitable under the circumstances."
[2] The wife's answer contained the following: "Defendant has been informed by plaintiff and believes, and therefore alleges upon such information and belief that plaintiff has a net worth in excess of five million dollars, and is financially able to pay for the needs and necessities of his wife and minor child and defendant's suit money. However, the defendant affirmatively alleges that she is without knowledge as to the exact extent of plaintiff's financial resources, including his assets, liabilities and income, and demands strict proof thereof. * * * The defendant admits that she has received gifts and sums of money from the plaintiff during their marriage. She denies that such amounts are considered substantial, considering the plaintiff's financial position. The defendant admits owning certain real estate jointly with the plaintiff."
[3] "COMES NOW the plaintiff, LOUIS WILLIAM PARKER, by and through his undersigned attorneys, and files this his written Admission and Stipulation of fact heretofore recited to the Court orally by plaintiff's counsel on July 15, 1965, and states that the plaintiff has a net worth in excess of $5,000,000.00 and has the financial ability to satisfy the needs and necessities of the defendant and the minor child of the parties and to pay defendant's attorneys' fees, suit money and court costs if it is determined that the defendant is entitled to same."
[4] "SCOPE OF EXAMINATION. Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."
[5] Carson v. City of Fort Lauderdale, Fla. App. 1965, 173 So.2d 743.
[6] "SCOPE OF THE DISCOVERY

"The scope of the examination cover all matters, not privileged, which are relevant to the subject matter of the pending action. The examination is not to be limited to what is relevant to the issues, nor is it to be limited to what would be admissible as evidence at the trial. Those limitations are proper at the trial but applying them to the taking of depositions would impair the usefulness of the discovery procedure.
"The objection that the examining party is on a `fishing expedition' is no longer available to preclude him from inquiring into all of the facts and circumstances that may have a bearing on either side of the case. The examining party is not restricted to the discovery of facts relevant to his claim or defense. His greater need is to know the facts of the opponent's claim or defense, and the rule provides for an examination `whether it relates to the claim or defense of the examining party or to the claim or defense of any other party'.
"Examination as to matters within the knowledge of the party seeking discovery is not necessarily improper."
[7] Florida Equity Rule 48(1) provided, inter alia, as follows: "* * * may file interrogatories * * * for the discovery * * * of facts and documents material to the support or defense of the cause * * *."

Florida quity Rule 49 provided, inter alia, as follows: "* * * the court may order * * * party * * * to produce books, records and papers containing or believed to contain evidence pertinent to the cause of action or defense of the movant * * *."