252 So.2d 833 (1971)
CONTINENTAL MORTGAGE INVESTORS, a Massachusetts Business Trust, Appellant,
v.
VILLAGE BY THE SEA, INC., a Florida Corporation, Appellee.
No. 71-364.
District Court of Appeal of Florida, Fourth District.
September 9, 1971.
Rehearing Denied October 21, 1971.
*834 Thomas B. Mimms, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
A.M. Schwitalla, Miami, for appellee.
WALDEN, Judge.
Plaintiff sued to foreclose its mortgages. Prior to answer, defendant filed these interrogatories:
"57. Please state whether the plaintiff has lent any money to any person, firm or corporation in the State of Florida during the past five years other than the defendant, VILLAGE BY THE SEA, INC.
"58. If the answer to the foregoing interrogatory is in the affirmative, please state the name and address of each such person, firm or corporation."
Plaintiff objected to them on the grounds that they were irrelevant and immaterial. Objections being overruled, plaintiff appeals. We affirm.
Without a basis of facts in the record and here for the first time, plaintiff suggests that the interrogatories were burdensome, oppressive and such as to constitute harassment. This posture is rejected for two reasons. First, the matter was not raised in the trial court. Walker v. Hampton, Fla.App. 1970, 235 So.2d 325. Second, if a basis for such claim should surface, application may be made for an order of protection. Rule 1.340(b), R.C.P., 30 F.S.A. The trial court may then, depending on the circumstances, tailor the procedure or limit or apply special conditions so as to alleviate the hardship to plaintiff and still honor defendant's right to make discovery.
The issue before us is simply whether the trial court abused its discretion in approving these two questions.
Rule 1.280(b) provides:
"(b) Scope of Examination. Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Italics supplied.)
In Parker v. Parker, Fla.App. 1966, 182 So.2d 498, this court commented on the interpretation and application of the identical predecessor rule, as follows:
"Rule 1.21(b), Fla.R.Civ.P., 30 F.S.A.[4], sets forth the proper scope of these discovery devices and we notice that inquiry may be had as to any matter relevant to the subject matter involved in the pending action, whether it relates to any claim or defense, and without regard to trial admissibility so long as it seems reasonably calculated to lead to the discovery of admissible evidence. Thus, discovery is not confined solely to pending issues and a party *835 may `fish' within these stated limits. We are also mindful in approaching this problem that wide discretion is vested in trial courts in matters of discovery.[5]
[4] `Scope of Examination. Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.'
[5] Carson v. City of Fort Lauderdale, Fla.App. 1965, 173 So.2d 743.
Also of interest is the author's comment which follows Rule 1.21 in 30 F.S.A. at page 484.[6]
[6] `Scope of the Discovery

`The scope of the examination covers all matters, not privileged, which are relevant to the subject matter of the pending action. The examination is not to be limited to what is relevant to the issues, nor is it to be limited to what would be admissible as evidence at the trial. Those limitations are proper at the trial but applying them to the taking of depositions would impair the usefulness of the discovery procedure.
`The objection that the examining party is on a "fishing expedition" is no longer available to preclude him from inquiring into all of the facts and circumstances that may have a bearing on either side of the case. The examining party is not restricted to the discovery of facts relevant to his claim or defense. His greater need is to know the facts of the opponent's claim or defense, and the rule provides for an examination "whether it relates to the claim or defense of the examining party or to the claim or defense of any other party".
`Examination as to matters within the knowledge of the party seeking discovery is not necessarily improper.'"
With this, we have no difficulty in approving the trial court decision. Defendant suggests that his interest centers upon a possible defense of usury. Thus, if he can discover usurious transactions with others, such would be admissible at trial under the principles of River Hills, Inc. v. Edwards, Fla.App. 1966, 190 So.2d 415. Also, the discovery of other comparable transactions would possibly assist in establishing the plaintiff's general modus operandi and its authorship of the loan documents.
Plaintiff argues that usury cannot be maintained because it was required in the loan documents that the law of some other state would govern, which law would permit the collection of interest in excess of that permitted in Florida. We are not impressed. First, that issue has not been determined. Second, we do not decide but wonder if such provision is compatible with Florida public policy and if this may not be considered a device to circumvent the usury statutes and Florida's legislative intent in limiting the interest that may be charged. 33 Fla.Jur., Usury, § 12.
The order appealed is
Affirmed.
CROSS, J., and ADAMS, ALTO, Associate Judge, concur.