343 So.2d 61 (1977)
MURRAY VAN AND STORAGE, INC., a Corporation, et al., Petitioners,
v.
John Philip MURRAY, Individually and As Personal Representative of the Estate of F.W. Murray, Jr., a/K/a Fleming W. Murray, and Reuben Bergstrom, Respondents.
No. 76-2240.
District Court of Appeal of Florida, Fourth District.
February 25, 1977.
Edna L. Caruso, of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for petitioners.
*62 Richard K. Inglis, of Grevior, Prince & Inglis, Fort Lauderdale, for Maureen Rehard Murray.
No appearance for John Philip Murray, individually and as Personal Representative of the Estate of F.W. Murray, Jr., a/k/a Fleming W. Murray, and Reuben Bergstrom.
ALDERMAN, Judge.
Petitioners seek review by writ of certiorari of two interlocutory orders of the Circuit Court of Palm Beach County partially granting the motion of Maureen Rehard Murray for a protective order. The orders in question were rendered in connection with Petitioners' attempt to take the deposition of Maureen Rehard Murray, who was not a party to the original action below. The trial court found that Petitioners were entitled to take her deposition, but ordered that they not inquire into an alleged common law marriage between Maureen Rehard Murray and F.W. Murray, Jr. We grant certiorari because Petitioners have demonstrated to our satisfaction that the orders complained of do not conform to the essential requirements of the law and may cause material injury throughout subsequent proceedings for which remedy by appeal will be inadequate.
After commencement of an action, any party may take the testimony of any person by deposition upon oral examination. Fla.R.Civ.P. 1.310(a). The scope of such examination covers all matters not privileged which are relevant to the subject matter of the pending action. The examination is not limited to what is relevant to the issues, nor is it limited to what would be admissible as evidence at the trial. Fla.R. Civ.P. 1.280(b)(1); Parker v. Parker, 182 So.2d 498 (Fla. 4th DCA 1966); Continental Mortgage Investors v. Village by the Sea, Inc., 252 So.2d 833 (Fla. 4th DCA 1971).
The trial court, upon motion by a party or by the person from whom discovery is sought, and for good cause shown, may enter an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. Fla.R.Civ.P. 1.280(c). The only reason given by the trial court in the present case for the protective orders[1] which are the subject of this review was "... that the putative common law marriage and any possible facts and incidents surrounding are not reasonably calculated to lead to the discovery of admissible evidence ..." Even if true this would not be a legally sufficient reason to prevent discovery.
The possibility that F.W. Murray, Jr. had a common law wife or that there exists a woman who may claim to be his common law wife, is relevant to the subject matter of this action. Certiorari is granted and that portion of the orders under review which prohibits Petitioners from examining Maureen Rehard Murray concerning any alleged common law marriage between herself and F.W. Murray, Jr. is quashed.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] There are two orders because the trial judge asked both sides to submit a proposed order encompassing his rulings and apparently inadvertently entered both orders.