## MICHAUX v. MAY.

No. 78-13783.

Circuit Court, Broward County.

February 7, 1979.

James M. De Hart, and Jean Booher, Law Graduate, Certified Legal Intern, Legal Aid Service of Broward County, Inc., both of Fort Lauderdale, for the petitioner.

George May, respondent, pro se.

**J. CAIL LEE, Circuit Judge.**

*Final judgment granting writ of certiorari:* This cause came on for consideration upon a petition for writ of certiorari to the county court in which the petitioner, plaintiff below, is seeking to quash an order of the county court restricting the scope of discovery of the respondent's financial resources.

On October 12, 1978, this court issued an order to show cause to which the respondent, defendant below, failed to respond. On January 26, 1979, a hearing was held at which counsel for the petitioner presented oral argument. The respondent, although he had been given notice of the hearing, failed to appear.

The court has considered the petition, appendix, and memorandum of law, and, being fully advised in the premises, makes the following —

*Findings of fact*

1. The action below was filed in the county court in and for Broward County as a landlord-tenant action for abuse of access, illegal eviction, replevin, conversion, and return of security deposit.

2. In her complaint, the petitioner alleged that she had sustained actual damages in the amount of approximately $750, and she also prayed for an award of punitive damages.

3. The respondent, in his answer, demanded a trial by jury.

4. Pursuant to Rule 1.350, Florida Rules of Civil Procedure, the petitioner filed a request for production of documents, which sought discovery to lay the foundation for an award of punitive damages.

5. The respondent filed a motion for a protective order.

6. The trial court, in part denying and in part granting the motion, ordered that the respondent be required to produce evidence of his net worth only up to the amount of $2,500 — the jurisdictional limit of the county court — in satisfaction of the petitioner's request for discovery in connection with the issue of punitive damages.

7. The respondent then filed a copy of a deed to a piece of property owned by him and allegedly having a net value in excess of the mortgage against it of approximately $17,000.

8. The petitioner filed a motion for reconsideration supported by a memorandum of law. The trial court, having heard oral arguments of the parties, agreed that the respondent had complied with

the petitioner's request and with the order of the court and denied the petitioner's motion.

9. Pursuant to Rule 9.100, Florida Rules of Appellate Procedure, the petitioner then filed the petition for writ of certiorari which raises the issues here presented.

## Conclusions of law

Two issues are before this court —

(I) In a case in which a prayer for punitive damages will be presented to a jury, did the order of the county court, limiting the scope of the petitioner's discovery regarding the financial resources of the respondent to a maximum sum of $2,500, represent a departure from the essential requirements of law which may cause injury to the petitioner throughout the remainder of the proceedings and for which there will be no adequate remedy on appeal?

(II) Did the trial court abuse its discretion in so restricting the scope of the petitioner's discovery?

## I

The precise question raised is one of first impression in Florida. It turns upon the validity of the trial court's limitation of discovery to a fixed sum, equal to the jurisdictional limit of the county court, above which the petitioner has been prohibited from making discovery — a monetary ceiling, in effect, placed by order of the court upon the petitioner's investigation of the respondent's net worth.

Under Florida law, it is not necessary that an award of punitive damages bear a reasonable relationship to the actual damages sustained. *Wackenhut v. Canty*, 359 So.2d 430, 436 (Fla. 1978). Such an award, however, must bear some relation to the amount that a defendant is able to pay. *Lassitter v. International Union of Operating Engineers*, 349 So.2d 622, 626 (Fla. 1976). In arriving at a calculation of a defendant's net worth, a jury is entitled to consider, and a petitioner is allowed to discover, such sources as income tax returns, bank accounts, depositories, present and recent ownership of property and its value, and any interests the defendant had in various business arrangements over a reasonable period of time. *Donahue v. Hebert*, 355 So.2d 1264, 1265-66 (Fla. 4th DCA 1978).

The appendix reflects that the discovery sought by the petitioner in her request for production of documents conformed to those sources catalogued as "routine inquiries for every knowledgeable trial lawyer in cases in which the financial resources of a party is a relevant issue." *Donahue v. Hebert*, supra, at 1265. The search for concealed or forgotten assets lies at the heart of the discovery process. *Id.*

. The petitioner argues (1) that by placing a monetary ceiling on the scope of her discovery, the trial court has limited her possibility of recovery of punitive damages to a fraction *not* of the respondent's net worth but to a fraction of $2,500, a sum predetermined by the order of the trial court; and (2) that by limiting the kinds of discovery she is allowed to make, the order of the trial court has curtailed her ability to prove her right to punitive damages as well, by preventing her from discovering, through records largely obtainable only from the respondent, evidence of similar transactions he may have had with other tenants like herself. See: *Continental Mortgage Investors v. Village by the Sea, Inc.*, 252 So.2d 833, 834-35 (Fla. 4th DCA 1971). While the rule ordinarily is that evidence of this sort is not admissible, it may be offered to prove intentional acts and prior course of conduct. See: Gard. *Florida Evidence*, Rules 90 and 92, and cases cited.

The respondent argued before the trial court that, inasmuch as an award of punitive damages in this case could not in any event exceed the sum of $2,500, he had satisfied the order of the court by voluntarily placing into the court file a copy of a deed to a piece of property owned by him and alleged by him to have a net worth of $17,000. The question arises: does this act by the respondent substitute for the liberal discovery afforded by Rule 1.280(b) of the Florida Rules of Civil Procedure, especially in view of the fact that this is an action in which the financial ability of the respondent is an important element entering into the determination of an award of punitive damages? It seems clear that it does not. In *Parker v. Parker*, 182 So.2d 498 (Fla. 4th DCA 1966), a husband, in an effort to bridle his wife's attempt at discovery of his assets, filed a written admission and stipulation of fact to the effect that he was worth several million dollars and was well able to provide for the needs of his wife and minor child. In that case, the Fourth District Court of Appeal, affirming the decision of the lower court, held that the wife was entitled to make discovery of his assets, and that the court did not look with favor on the husband's attempt to substitute his own secondary non-verifiable conclusion for primary detailed facts that would be elicited by the wife's discovery. *Id.* at 500. While the protective order sought in *Parker* would have *completely* immunized the defendant from discovery, the appellate court's understanding of the rules and the philosophy underlying them was very clearly expressed and is germane to the question raised here—"The adversary and the court are entitled to the whole factual picture to the end that an independent complete understanding and evaluation may be had." *Id.* See, also, *Orlowitz v. Orlowitz*, 199 So.2d 97, 99 (Fla. 1967), where the Supreme Court of Florida approved the ruling in *Parker*.

While the value of the property covered by the deed tendered in the instant case may be verifiable, the property it represents is not immune from being transferred or encumbered between the time of its tender and the time of execution upon any final judgment subsequently entered following appeal. To predicate an assessment of the respondent's financial resources upon one such single piece of evidence does not seem to this court to be in the interests of justice. The court concludes, therefore, that the order of the trial court does have the effect of denying the petitioner an adequate remedy by appeal after final judgment. If the jury, on trial of the case, were to render a verdict for punitive damages, but in a modest amount which reflected the adverse impact of the discovery limitation here challenged, and even if the court of appeal were to grant a new trial on the issue of punitive damages and in doing so permit the discovery which the petitioner has requested, the respondent would have had a substantial time in which to divest himself of his holdings or to so distribute them as to give a misleading and erroneous picture of his financial status. The county court does not have equitable powers and cannot, therefore, enjoin the transfer or encumbrance of the property between the time of tender of the deed and the time of execution on a final judgment following appeal. Article V, Section 6(b), Constitution of Florida; Section 34.01, Florida Statutes. Compare: Article V, Section 5(b), Constitution of Florida; Section 26.012(2)(a) and (3), Florida Statutes.

The petitioner concedes that a trial court may, *for good cause shown*, enter an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, pursuant to Rule 1.280(c), Florida Rules of Civil Procedure, but she argues that in this case no legally sufficient reason was given by the trial court for imposing the restrictions it did. For this reason the petitioner contends that the order complained of departs from the essential requirements of law, and this court agrees. *Murray Van and Storage, Inc. v. Murray*, 343 So.2d 61 (Fla. 4th DCA 1977) is almost directly on point and supports the conclusion reached.

Based on the foregoing, this court concludes that the order of the county court which limited the petitioner's discovery did not conform to the essential requirements of law and may cause material injury throughout the subsequent course of these proceedings for which the petitioner's remedy by appeal would be inadequate.

## II

The second issue is whether the trial court abused its discretion in entering the order challenged. Under Rule 1.280, Florida Rules of Civil Procedure, the trial court is clothed with broad discretion

in granting or denying discovery motions and in protecting the parties against an abuse of the discovery procedure. For this reason, only an abuse of that discretion which amounts to fatal error will serve to overturn a discovery order of a trial court. *Orlowitz v. Orlowitz*, 199 So.2d 97, 98 (Fla. 1967). However, in the words of Mr. Justice Cardozo, a trial judge, "even when he is free, is still not wholly free. He is not to innovate at pleasure." *Castlewood International Corporation v. LaFleur*, 322 So.2d 520, 523 (Fla. 1975), citing Benjamin Cardozo, *The Nature of the Judicial Process*, Yale University Press, 1921. This court concludes that the trial court abused its discretion in limiting the scope of the petitioner's discovery without advancing a legally sufficient reason for so doing. *Murray Van and Storage, Inc. v. Murray*, 343 So.2d 61, 62 (Fla. 4th DCA 1977).

Thereupon, it is ordered and adjudged that the petition for writ of certiorari is granted, and paragraph 9 of the order entered by the trial court on July 13, 1978, is quashed, and this cause is remanded to the county court for further proceedings consistent herewith.