MOORE, Judge.
Newkirk appeals from a final summary judgment in favor of Crosby, the owner of an apartment building in which Newkirk had rented an apartment. The summary judgment denied Newkirk’s claim for compensatory and punitive damages for an alleged assault, battery and unlawful eviction committed by Russ. Russ, who was allegedly Crosby’s lessee, leased the apartment to Newkirk. The summary judgment relieved Crosby of liability because the trial court apparently found an absence of an agency relationship between Crosby and Russ, the tortfeasor.
We find that the trial court erred in granting summary judgment due to the existence of material issues of fact as to the relationship between Crosby and Russ. We further hold that the trial court improperly denied Newkirk’s motion to compel Crosby to answer questions relating to the business relationship between Crosby and Russ.
The factual matters in Newkirk’s sworn complaint, the affidavits of both parties, and the depositions indicate a factual conflict as to whether the relationship between Crosby and Russ was one of principal-agent rather than merely lessor-lessee. These documents suggest that Russ may have been acting as a rent collector for Crosby rather than as a mere lessee. The lease between Crosby and Russ provides that Russ shall pay his rent by remitting all of the rents that he collects from tenants, except for $2.00 per unit, per week. Russ’s predecessor was a rent collector who received payments on the basis of the amount collected. Crosby pays the building’s utilities bills. While these factors do not conclusively demonstrate a principal-agent relationship, they do raise material issues of fact concerning the existence of such a relationship. In determining the absence of the relationship the trial court necessarily weighed the facts and the reasonable inferences to be drawn therefrom. This should *549 be left to the jury. Consequently, summary judgment was improper. Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
The trial court also erred by denying Newkirk’s motion to compel Crosby to answer discovery questions concerning his business relationship with Russ and his rent collection practices at other properties. This information is discoverable because it is relevant to the subject matter of the pending action and not privileged. See, Fla. R. Civ. P. 1.280; Murray Van and Storage, Inc. v. Murray, 343 So.2d 61 (Fla. 4th DCA 1977). The questions are reasonably calculated to lead to the discovery of admissible evidence as to Crosby’s relationship with Russ. The trial court, therefore, should have granted Newkirk’s motion to compel.
In view of our holding, it is unnecessary to discuss the other points raised on appeal. We reverse the summary final judgment and the order denying discovery and remand for further proceedings.
DOWNEY and ANSTEAD, JJ., concur.