478 So.2d 492 (1985)
BARON, MELNICK & POWELL, P.A., Appellants,
v.
Barry W. COSTA and Rachel Costa, His Wife, and Clarence C. Costa and Katherine Costa, His Wife, Starvin Marvin's Country Cookin', Inc., a Florida Corporation, Appellees.
No. BH-54.
District Court of Appeal of Florida, First District.
November 14, 1985.
Stephen A. Scott, Gainesville, for appellants.
James G. Feiber, Jr., of Salter, Feiber & Yenser, Gainesville, for appellees.
SHIVERS, Judge.
Appellants, plaintiffs in the trial court, seek an interlocutory appeal of an order of the trial court directing them to produce certain documents to the appellees/defendants. The correct method for review of orders improperly compelling discovery is by writ of certiorari. Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA 1983). Therefore, we elect to treat the appeal as a petition for writ of certiorari. The petition is granted and the order is quashed.
The appellants/plaintiffs in this matter filed a complaint against appellees/defendants, seeking payment of a bill in the amount of $8,390.12 for professional accounting services rendered by the plaintiffs. On May 30, 1985, the defendants filed a motion for an order directing plaintiffs to produce documents, seeking the return of certain business records which they had delivered to plaintiffs to use in the preparation of their 1983 business and personal tax returns. The motion stated that the plaintiffs had failed to prepare the tax returns and that defendants needed the documents so that they could prepare the returns themselves. No other reasons for needing the documents were alleged.
After a hearing on the motion, the court entered an order directing plaintiffs to produce the documents. Appellants now argue *493 (1) that the court erred in ordering them to produce the documents when they were not sought for proper discovery purposes, and (2) that appellants held both common-law and statutory liens on the documents such that the court should have required the posting of a bond.
We agree with appellants' first argument. Under Rule 1.350(a), Fla.R.Civ.P., a party may request another party to produce documents that constitute or contain matters within the scope of Rule 1.280(b). Rule 1.280(b)(1) defines the scope of discovery as "any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of the other party... ."
The appellees neither alleged nor showed that the documents sought from appellants were relevant to the subject matter of the pending action or that they related to either party's claim or defense. To the contrary, their motion stated only that the documents were needed so that appellees could prepare and file their 1983 tax returns.
Accordingly, we grant the petition for writ of certiorari and quash the order of the trial court. We find it unnecessary to address the appellants' second issue.
WENTWORTH and WIGGINGTON, JJ., concur.