564 So.2d 1118 (1990)
SUBURBAN PROPANE, Appellant,
v.
The ESTATE OF Ralph PITCHER, Appellee.
No. 90-441.
District Court of Appeal of Florida, First District.
June 21, 1990.
Rehearing Denied July 26, 1990.
*1119 George P. Roberts, Jr., of Roberts & Reynolds, P.A., West Palm Beach, for appellant.
Joseph A. Vassallo, Lake Worth, for appellee.
PER CURIAM.
Petitioner, Suburban Propane, the employer/carrier (E/C) in this workers' compensation action, asks this court to issue a writ of common law certiorari, thereby quashing an order of the judge of compensation claims which authorized the taking of certain depositions of the E/C's employees. Petitioner asserts that the order is not authorized under Section 440.39(7), Florida Statutes (1989), and that the ordered depositions exceed the scope of discovery as set forth in Section 440.30, Florida Statutes (1989). We agree with both propositions and therefore grant the writ in so far as the requested depositions exceed the allowable scope of discovery.
Ralph Pitcher, an employee of the E/C, died on November 7, 1989, from asphyxiation caused by leaking gas fumes, while filling a propane tank at a customer location. The estate of the decedent thereafter filed a claim for workers' compensation death benefits, which was accepted shortly afterward by the E/C, and several checks for such benefits were in fact issued to the decedent's next of kin. There remained, however, a pending issue regarding the *1120 amount of the decedent's average weekly wage (AWW).
Thereafter, the estate sought to depose eight fellow employees of the deceased regarding not only the deceased's AWW, but also regarding the particular job the deceased was performing when he met his untimely death. The E/C moved for protective order, which was denied. The judge's order specifically allowed the estate to delve into matters relating to the deceased's AWW; the location and area of the particular job where the deceased sustained his untimely death; the responsibilities and duties of the job that the deceased was performing for the employer; the records relating to the installation, maintenance, repair and/or records kept in connection with the customer location where the deceased died; who made the records related to the installation, maintenance, repair, and reports kept in connection with the customer location where the deceased died; and who possessed copies of the records related to the installation, maintenance, and repair kept in connection with the customer location where the deceased died. It is from this order that the E/C seeks relief.
The proper standard for granting a petition for a writ of certiorari is a departure from the essential requirements of law that cannot be remedied on final appeal and thus may cause continuing harm or result in a miscarriage of justice. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987); Combs v. State, 436 So.2d 93 (Fla. 1983). It is well established that interlocutory orders dealing with discovery proceedings may be reviewed by certiorari. West Volusia Hosp. Auth. v. Williams, 308 So.2d 634, 636 (Fla. 1st DCA 1975).
It is the estate's contention that Section 440.39(7), Florida Statutes (1989), requires the E/C to cooperate by allowing the depositions. That section provides:
The employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose. Such documents and results of such inspections shall not be used or disclosed for any other purpose.
However, because petitioner has admitted that it is on a fishing expedition to establish employer liability, it certainly cannot be said the depositions involve an investigation or prosecution of a claim or potential claim against a third-party tortfeasor.[1] Thus, the duty to cooperate set forth in section 440.39(7) does not attach in the instant case,[2] and any order requiring it to apply constitutes a departure from the essential requirements of law.
Moreover, the requested depositions are generally outside the scope of discovery allowed in workers' compensation cases. Section 440.30, Florida Statutes (1989), provides:
Depositions of witnesses or parties ... may be taken and may be used in connection with proceedings under the Workers' Compensation Law ... for the same purposes, including the purposes of discovery, and subject to the same rules; all as now or hereafter prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the circuit courts of this state.
Florida Rule of Civil Procedure 1.280(b)(1) establishes the scope of discovery in civil actions. It states: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the *1121 subject matter of the pending action[.]" (Emphasis added.) Here, the only pending issue in the claim is the amount of the deceased's AWW. Thus, questions concerning the location and areas of the particular job where the deceased died, his job duties and responsibilities, and records regarding installation, maintenance, and repair of the propane tank clearly are not relevant to the only pending issue  AWW. Consequently, because the judge's order authorized discovery of matters other than AWW, it exceeded the scope of discovery allowed in workers' compensation cases, and must be quashed to that extent.
In view of our disposition of this case on the above bases, we do not consider other related issues such as: (1) whether Section 440.39(7) encompasses depositions in addition to the discovery procedures specified in the statute, i.e., production of documents and inspection of premises; and (2) whether the employer's duty of cooperation under the statute extends to the claimant's fellow employees.
Because the judge's order constitutes a departure from the essential requirements of the law that cannot be remedied on final appeal, the petition is granted to the extent discovery is authorized into areas other than AWW.
NIMMON, J., and THOMPSON, FORD L. (Ret.), Associate Judge, concur.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, J., concurring and dissenting.
I concur with that portion of the majority's opinion approving the lower court's order directing discovery of the items relating to the employee's average weekly wage (AWW). I see no basis, however, on which the writ should be issued as to the other information sought.
In support of its petition for writ of certiorari, the E/C makes essentially three arguments. First, because the statute (Section 440.39(7), Florida Statutes (1989)), which requires the employee, employer, and carrier to cooperate with each other by producing nonprivileged documents, is silent regarding the taking of depositions, the order directing such depositions for the purpose of producing nonprivileged documents is a departure from the essential requirements of the law. Second, in seeking discovery of all items, with the exception of those related to the decedent's AWW, respondent is engaged in a mere "fishing expedition" to obtain information that would assist the claimant in filing only a wrongful death action against the employer. Third, the taking of depositions is, pursuant to Section 440.30, Florida Statutes (1989), governed by the Florida Rules of Civil Procedure, and rule 1.280(b)(1) thereof limits the scope of discovery to "any matter, not privileged, that is relevant to the subject matter of the pending action,"[1] and the only issue remaining in controversy between the parties is the correct determination of the deceased employee's AWW. Therefore, that portion of the judge's order permitting the taking of depositions as to all other matters represents a departure from the essential requirements of the law in that it allows discovery of matters which are not relevant to the subject matter of the pending action, in violation of rule 1.280(b)(1).
Turning to petitioner's first point, I cannot agree that the legislature intended by enacting section 440.39(7) to foreclose the taking of depositions that could lead to the production of nonprivileged documents which might be useful in prosecuting a claim against a third-party tortfeasor. Petitioner *1122 has candidly admitted there is neither any case law in which the statute has been interpreted, nor is there any recorded legislative interpretation of this subsection, which was added to section 440.39 in 1984. See Ch. 84-267, § 9, Laws of Fla. In my judgment, petitioner reads this amended subsection much too narrowly. I consider that section 440.39(7) should be read in pari materia with both Florida Workers' Compensation Rule of Procedure 4.090(a), permitting the depositions of witnesses or parties to "be taken and ... used in connection with proceedings under Chapter 440, Florida Statutes[,]" and with section 440.30, authorizing the taking of depositions "for the same purposes ... governing the taking and use of such depositions in civil actions at law in the circuit courts of this state."
Thus, after considering rule 4.090(a) and section 440.30 in pari materia with the provisions of section 440.39(7), I am of the view that the most logical interpretation of subsection (7) is that depositions may be permitted to assist in the production of nonprivileged documents pursuant to the legislative requirement that the parties have a duty to cooperate with one another in assisting the bringing of potential claims against third-party tortfeasors. I therefore conclude that as to the first issue raised, the petitioner has failed to demonstrate any departure from the essential requirements of the law in that the order obviously authorizes the taking of depositions for such objective.
Considering next petitioner's argument that the claimant's intention in seeking discovery of the ordered items is, with the exception of that relating to the determination of the worker's AWW, a mere "fishing expedition," because the discovery of the items is an obvious attempt by the respondent to find some liability against the employer, I would answer that this purpose appears to be altogether consistent with the legislative intent: to force the employer to cooperate with the employee, or, as here, his representative, in investigating or prosecuting a possible claim against a third-party tortfeasor.[2] Both a fellow employee and an employer, may, under appropriate circumstances, be considered third-party tortfeasors. Notwithstanding the exclusivity provisions of Section 440.11, Florida Statutes (1989), precluding an employer from any other liability to the employee in the event that the employer has secured payment of compensation as required by chapter 440, case law permits an employee or his or her representatives to bring a cause of action in tort in the event that the employer's actions exhibit either a deliberate intent to injure or to engage in conduct which is substantially certain to result in injury or the death of the employee. See, e.g., Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla. 1986); Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990).
Section 440.11(1) also expressly states that fellow employees are not accorded immunity from liability in tort in the event that they act "with willful and wanton disregard or unprovoked physical aggression or with gross negligence" in regard to another employee. The fellow-employee statutory exception from immunity has been interpreted to apply as well to actions against a corporate employer's officers, executives, and supervisors. See Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987).[3] Similarly, *1123 the exclusivity provisions of section 440.11 will not bar tort claims against an employer alleging assault, intentional infliction of emotional distress, or battery arising from sexual harassment. Byrd v. Richardson-Greenshields Sec. Inc., 552 So.2d 1099 (Fla. 1989).
Thus, I conclude that so long as the items sought are relevant to the subject matter of the pending action, there appears to be no impediment to a claimant, in a workers' compensation action, from seeking discovery of information that is reasonably calculated to lead to the discovery of admissible evidence in a later action against an employer in its capacity as a third-party tortfeasor.[4] The only substantial question is whether the items sought to be discovered, which no longer have any remaining relevant value in a workers' compensation claim, can nonetheless be considered relevant to the subject matter of the pending claim. I am of the view that they can.
In so concluding I am aware that there is case law that offers apparent support to the petitioner's argument. For example, in R.G. Indus., Inc. v. Balsiger, 502 So.2d 1378 (Fla. 4th DCA 1987), the Fourth District granted certiorari on behalf of a nonparty petitioner in an estate proceeding in which the personal representative had sought discovery of matters from the petitioner-product manufacturer which could only have been relevant in a wrongful death claim that was subsequently filed. In its holding, the court relied upon the provisions of rule 1.280(b)(1), observing that because the petitioner was not a party to the estate proceeding, and because any wrongful death-products liability action could not be litigated in such proceeding, the discovery of matters which were pertinent to any such subsequent action were not relevant to the subject matter of the pending action, the estate proceeding. See also Baron, Melnick & Powell, P.A., v. Costa, 478 So.2d 492 (Fla. 1st DCA 1985); Manatee County v. Estech Gen. Chems. Corp., 402 So.2d 75 (Fla. 2d DCA 1981); Weyant v. Rawlings, 389 So.2d 710 (Fla. 2d DCA 1980).
In my judgment these cases are distinguishable from the instant case in that the matters into which the judge below permitted inquiry were relevant to the subject matter of the pending action, i.e., the workers' compensation claim as filed, and it is therefore immaterial that the parties subsequent to the filing of the claim limited the issues in controversy to that pertaining to the decedent's AWW. In Murray Van & Storage, Inc. v. Murray, 343 So.2d 61 (Fla. 4th DCA 1977), the Fourth District, in granting certiorari and in holding that the lower court's protective order limiting discovery was much too narrow, made the following observations:
The scope of such examination covers all matters not privileged which are relevant to the subject matter of the pending action. The examination is not limited to what is relevant to the issues, nor is it limited to what would be admissible as evidence at the trial. Fla.R.Civ.P. 1.280(b)(1); Parker v. Parker, 182 So.2d 498 (Fla. 4th DCA 1966); Continental Mortgage Investors v. Village by the Sea, Inc., 252 So.2d 833 (Fla. 4th DCA 1971).
Murray, 343 So.2d at 62 (emphasis added).
This statement is consistent with federal case law construing the parallel federal rule of civil procedure. Rule 1.280(b)(1) is virtually a verbatim adoption of the first paragraph of Federal Rule of Civil Procedure 26(b)(1). Consequently, it must be assumed that in adopting a rule identical to *1124 its federal counterpart, the Florida Supreme Court intended to achieve the same results which would transpire under the federal rule. Zuberbuhler v. Division of Admin., State of Fla. Dept. of Transp., 344 So.2d 1304, 1306 (Fla. 2d DCA 1977); Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525, 529 (Fla. 1st DCA 1962). In their discussion of the term used in the federal rule, "relevant to the subject matter involved in the pending action[,]" two respected scholars make the following observations:
A few early cases demanded that the matter sought to be discovered be relevant to the issues in the case, but this construction was clearly wrong. The rule requires only that the information sought be "relevant to the subject matter involved in the pending action." This is an explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at the trial.
8 Wright & Miller, Federal Practice and Procedure, § 2008, at 41 (1970). The rule is even more broadly stated by Barron and Holtzoff as follows:
Certainly the requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. Indeed, it is not too strong to say that discovery should be considered relevant where there is any possibility that the information sought may be relevant to the subject matter of the action.
Bass v. Gulf Oil Corp., 304 F. Supp. 1041, 1045 (S.D.Miss. 1969) (quoting 2a Barron & Holtzoff, Federal Practice and Procedure, § 647 (1961) (emphasis added)). See also Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1187 (D.S.C. 1975) ("The test is the relevancy to the subject matter which is broader than the relevancy to the issues presented by the pleadings."). Accord, Brunswick Corp. v. Chrysler Corp., 291 F. Supp. 118, 120 (E.D.Wis. 1968). Indeed, there is case law authority in which it is recognized that it is not a ground for refusing discovery of certain information for the simple reason that the answers sought might be used in some other action or proceeding. See De Seversky v. Republic Aviation Corp., 2 F.R.D. 183, 185 (E.D.N.Y. 1941).
Thus, I think the above cases and commentators make it clear that even though a matter sought to be discovered may not be relevant to an issue in litigation, it should nevertheless be discoverable so long as it has some relevance to the subject matter of the pending action.[5]
In the instant case, the claim filed November 15, 1989, sought death benefits, including interest, penalties, costs, and attorney's fees, as a result of the accident pursuant to the provisions of Section 440.16, Florida Statutes (1989), on behalf of the decedent's spouse and dependent children. Although the E/C accepted the claim as compensable shortly after its filing, the matters ordered discovered  notwithstanding that most pertained to issues that were no longer in litigation  were all relevant to the subject matter of the claim as filed, i.e., the right of the decedent's dependent spouse and children to be compensated with death benefits. Accordingly, taking into account the broad discretion afforded trial judges in ordering discovery, see, for example, Dickinson v. Wells, 454 So.2d 758 (Fla. 1st DCA 1984), I cannot find that petitioner has made any showing which would suggest that the judge below departed from the essential requirements of law in ordering discovery of the items which petitioner now seeks to have protected from disclosure.
In reaching this conclusion, I am aware that there is a body of federal case law construing rule 26(b) as precluding discovery of matters pertaining to claims or defenses that have been stricken in a pending *1125 action. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52, 98 S.Ct. 2380, 2389-2390, 57 L.Ed.2d 253, 265 (1978); Avianca, Inc. v. Corriea, 705 F. Supp. 666, 677 (D.D.C. 1989); Hartford Accident & Indem. Co. v. Village of Milan, 176 F. Supp. 84, 89-90 (S.D.Ill. 1959). Nevertheless, none of the above cases, contrary to the case at bar, involved the interpretation of a statute that requires the parties in a pending workers' compensation action to cooperate with one another in investigating and prosecuting potential claims against third-party tortfeasors. Because we have before us a statute which broadly permits the discovery of nonprivileged documents for such purpose, and one which has never before been interpreted, I therefore cannot hold that the judge's order in directing discovery in apparent compliance with the statute can be considered a departure from the essential requirements of the law.
In so stating, I do not mean to imply that the petitioner's argument is unreasonable in contending that the statute should be construed in such a way as to limit the production of nonprivileged documents only to issues that remain in controversy in a workers' compensation claim. On the other hand, without some showing by either party of what the legislature intended by enacting section 440.39(7), I am reluctant to say that the legislature did not intend to permit discovery of documents which might be irrelevant to issues which are no longer in dispute in a workers' compensation claim, but which are nonetheless relevant to the subject matter of the claim as filed and appear reasonably calculated to lead to the discovery of admissible evidence in a potential claim against a third-party tortfeasor. The rule has long since been recognized that if provisions in the Workers' Compensation Law are susceptible to disparate interpretations, the court must adopt the construction most favorable to the employee. See Kerce v. Coca-Cola Co.  Foods Div., 389 So.2d 1177 (Fla. 1980); Henderson v. Sol Walker & Co., 138 So.2d 323 (Fla. 1962).
In conclusion, I consider it necessary to reiterate some fundamental principles relating to the issuance of common law writs of certiorari. Such writs will issue only in cases in which the petitioner has met the heavy burden of showing the existence of a clear departure from the essential requirements of law which would otherwise result in irreparable harm, i.e., only when no other adequate remedy is offered by law. Malone v. Costin, 410 So.2d 569 (Fla. 1st DCA 1982). Thus, we are instructed that we should issue the writ only when there has been a violation of a clearly established principle of law which results in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla. 1983). Certiorari obviously cannot be considered a substitute for review by appeal. And, in the absence of a showing of any irreparable injury beyond the fact of having to go through trial, compare Killearn Properties, Inc. v. Hammons Asphalt Paving, Inc., 381 So.2d 1169 (Fla. 1st DCA 1980), I am of the view that petitioner has failed to make any demonstration that would justify the exercise of this court's discretion to review the order in question by certiorari.
NOTES
[1] At the hearing on the motion for protective order, petitioner's attorney expressed concern that "this is a fishing expedition in an attempt to find some employer's liability." In response, claimant's attorney said, "That's, it was definitely stated and we're doing that, you're absolutely correct. We will tell you that's what we're doing."
[2] See section 440.39(3)(a), in which the legislature acknowledged that an employer may not comply with its duty to cooperate when the "claim or potential claim against a third party is likely to impose liability upon the party whose cooperation is sought."
[1] Subsection (b)(1) of the rule states in its entirety:

In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
[2] Indeed, in an earlier comment to rule 1.280, the advisory committee noted it is no longer a valid objection under the rule "that the examining party is on a `fishing examination' ... [as a means of barring] him from inquiring into all of the facts and circumstances that may have a bearing on either side of the case." (Quoted in Calderbank v. Cazares, 435 So.2d 377, 380 (Fla. 5th DCA 1983) (Sharp, J., dissenting).) This comment is consistent with the construction placed on parallel federal rule 26 in the federal sector. See Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S.Ct. 385, 392, 91 L.Ed. 451, 460 (1947).
[3] In 1988, however, the legislature, in what appears to be an attempt to repeal the Streeter v. Sullivan decision, amended section 440.11(1) by extending the same immunity provisions granted the employer to sole proprietors, partners, corporate officers or directors, supervisors, or other persons who, in the course and scope of their duties, act in a managerial or policy-making capacity, providing, however, that the conduct causing the injury must arise within the course and scope of said managerial duties, and that the conduct not be a violation of law for which the maximum penalty exceeds sixty days imprisonment. See Ch. 88-284, § 1, Laws of Fla.
[4] I find nothing in section 440.39(3)(a) that weakens this statement. If an employer, who may also be determined through discovery of nonprivileged documents or other evidence to be a third-party tortfeasor, is shown to be noncooperative, the amount of the offset, to which the employer may be entitled from any judgment or settlement received against a third-part tortfeasor, can be reduced. In my opinion, this provision is simply a means for enforcing the employer's duty to cooperate.
[5] Responding to calls to narrow the scope of discovery caused by alleged discovery abuses, the advisory committee on civil rules initially considered an amendment that would have deleted the reference in rule 26(b) to "relevant to the subject matter of the pending action"; however, the committee declined to recommend any change when the amendments to the rules were adopted in 1980. See Amendments to the Federal Rules of Civil Procedure, 85 F.R.D. 521, 542 (eff. Aug. 1, 1980).