PER CURIAM.
Southeast Recycling Corporation and Royal Insurance Company, the employer/carrier (E/C), appeal a nonfinal discovery order entered by the Judge of Compensation Claims (JCC) that compels production of the densifier machine that Beverly McClure, Claimant, was cleaning when she was injured. Because section 440.39(7), Florida Statutes (1993), provides that the employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tort-feasors by producing non-privileged documents and allowing inspection of premises, we affirm the order compelling production.
Claimant was injured while cleaning a den-sifier machine when its operating system moved unexpectedly. The E/C accepted the injury as compensable and provided medical and appropriate indemnity benefits. Claimant has filed no request for assistance or petition for benefits.
Claimant scheduled a deposition of the employer’s records custodian requesting production of the densifier machine for inspection, testing, and videotaping as well as certain specified documents related to the machine’s manufacture and maintenance. At the scheduled deposition, the E/C’s counsel objected that the items requested for production were outside the scope of permissible discovery. Claimant then moved to compel production. The E/C argued in response that because there was no pending workers’ compensation action through which Claimant could obtain discovery and because no third-party action had been filed, they had no duty to cooperate. The E/C also suggested that such discovery might lead to a suit in tort against the employer (nothing in the record supports the notion that this was Claimant’s purpose), and therefore demanded, as a condition of providing the requested discovery, that Claimant execute and deliver a release *671 or indemnification agreement protecting the E/C against such a suit. The JCC correctly rejected all of these arguments, granting Claimant’s motion to compel.
The E/C rely upon Suburban Propane v. Estate of Pitcher, 564 So.2d 1118 (Fla. 1st DCA 1990), for their position that they have no duty to cooperate by producing the items requested. Suburban Propane, however, is inapposite because its facts are materially different from the present case.
The language of section 440.39(7) is unambiguous and provides for a duty to cooperate in the investigation and prosecution of potential claims against third-party tort-feasors. Barbosa v. Liberty Mutual Insurance, 617 So.2d 1129 (Fla. 3d DCA 1993), quoting Fidelity & Casualty Co. of N.Y. v. Bedingfield, 60 So.2d 489, 495 (Fla.1952). In Suburban Propane v. Estate of Pitcher, 564 So.2d 1118 (Fla. 1st DCA 1990), this Court held that under the peculiar facts of that case, the E/C were not required to provide certain information to the claimant’s estate concerning the installation, maintenance and repair, and/or records kept in connection with the customer location where the deceased died because, this Court held, petitioner had expressly admitted that it was on a fishing expedition to establish employer liability. Therefore, it could not be said that the depositions sought to be compelled involved an investigation or prosecution of a claim or a potential claim against a third-party tortfeasor. This court therein also determined that the requested depositions were generally outside the scope of discovery allowed in workers’ compensation cases pursuant to section 440.30, Florida Statutes (1989), in that they were not relevant to the remaining issue of average weekly wage. Suburban Propane may not be read to suspend the parties’ duty to cooperate prior to the fifing of a third-party action. As counsel for the estate in Suburban Propane acknowledged, the sole purpose of the depositions in that case was to establish the employer’s liability in tort.
In the present case, it does not appear from the record that Claimant is attempting to establish employer liability in tort. E/C’s objections to production made during the deposition of Debra Fisher, the division manager and records custodian for the E/C, were that the material requested was not relevant to what is applicable to the Workers’ Compensation Claim. Here the Claimant was seeking discovery to investigate potential claims against the manufacturer and others as third-party tortfeasors, a clearly proper purpose pursuant to section 440.39(7).
For these reasons, we affirm the JCC’s order granting the Claimant’s motion to compel.
ZEHMER, C.J., and ALLEN and KAHN, JJ., concur.