CARROLL, Judge.
This is an appeal from a final decree of divorce and an order amending the decree, taken by the wife Beatrice S. Orlowitz who was the defendant below. The decree as amended granted the husband a divorce on grounds of habitual indulgence in violent and ungovernable temper and extreme cruelty, denied the wife’s counterclaim for separate maintenance, allowed the wife lump sum alimony in the amount of $10,000,. attorney’s fees of $3,000 and certain suit money.
Appellant presents eight points on appeal. With the exception of appellant’s-contention of inadequacy of the alimony allowance, our consideration of the separate contentions on appeal leads to the conclusion that they are without merit. The matter of allowance of the attorney’s fees-was one within the court’s discretion as to amount, and no abuse of discretion was shown. We see no merit in the appellant’s-contention that the court committed error in requiring appellant to submit her evidence as to attorney’s fees by affidavits rather than by testimony of witnesses. On the factual issues as to whether the husband, met residence requirements to entitle him to maintain a suit for divorce and as to-his alleged grounds of divorce, the evidence was not without conflict but there was sufficient competent evidence relating' to those issues to support the findings of the chancellor thereon. We find no abuse- *672 of discretion in the allowance of suit money to the defendant.
The marriage of these parties was the third for each. The period or periods they lived together during the marriage aggregated 131 days. On a reconciliation following one separation the husband gave the wife $15,000. The extent of worth of the husband was not shown. In her answer the wife averred he was a multimillionaire. In resisting discovery as to his assets, the husband represented to the court in this suit that he was “ready, willing and able to answer any reasonable order for costs, fees or other allowances.” See Jacobs v. Jacobs, Fla.1951, 50 So.2d 169.
The wife filed a suit against the husband in Pennsylvania for separate maintenance, and obtained a decree for alimony. Later the court in Pennsylvania awarded her a judgment for some $27,000 for unpaid alimony which had accrued. It was argued here on behalf of the appellant that in the event her separate action brought in Dade County on that judgment-should be defeated on the basis of the husband’s defense of want of service, the award of $10,000 lump sum alimony to her would be inadequate since as shown in the final decree, in determining the needs of the wife, the chancellor took into consideration the fact that she held said judgment against the husband and was proceeding for its collection.
We agree with the position of the appellant that in the event her Pennsylvania judgment is held invalid or unenforceable against the husband, the amount of alimony to be allowed the wife in this suit would be affected thereby, and jurisdiction should be reserved by the chancellor for further consideration thereof, pending determination of that action.
Accordingly, the final decree is hereby modified to include a provision that jurisdiction of the circuit court is retained for "the purpose of entering such other or further decree as to the amount of lump sum alimony as may be appropriate and equitable in the event the wife’s Pennsylvania judgment for arrears under the separate maintenance decree of that state is finally held to be invalid, or unenforceable on suit by her in this state. Except as thus modified, the decree and the order amending the decree which are appealed from are affirmed.
Modified and affirmed.