199 So.2d 97 (1967)
Beatrice S. ORLOWITZ, Petitioner,
v.
Ellis K. ORLOWITZ, Respondent.
No. 35630.
Supreme Court of Florida.
March 1, 1967.
Rehearing Denied June 13, 1967.
Daniel Neal Heller, Miami, for petitioner.
John W. Prunty, Miami, for respondent.
O'CONNELL, Justice.
We have for review a decision of the District Court of Appeal, Third District, affirming a final decree granting the respondent husband a divorce, denying petitioner wife's counterclaim for separate maintenance, and allowing the wife lump sum alimony in the amount of $10,000, attorney's fees, and certain suit money. 187 So.2d 670.
The single question presented is whether the chancellor erred when he entered an order prohibiting the defendant wife "from inquiring of the plaintiff as to any matters relating to his financial worth, income, capital assets, income tax returns or other financial data." This order was entered in response to the husband's "Motion for Protection," filed by him after receiving notice of the taking of his deposition. Subsequent rulings of the chancellor imposed this prohibition for the remainder of the case.
Although entry of the subject order was assigned as error, it received only this comment by the district court:
"The extent of worth of the husband was not shown. In her answer the wife averred he was a multimillionaire. In resisting discovery as to his assets, the husband represented to the court in this suit that he was `ready, willing and able to answer any reasonable order for costs, fees or other allowances.' See Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169."
We think this comment on the assigned error amounts to a clearly implied affirmance *98 of the chancellor's order and that it conflicts sufficiently with the decision of the District Court of Appeal, Fourth District, in Parker v. Parker, Fla.App. 1966, 182 So.2d 498 to satisfy the constitutional prequisites for our jurisdiction. In that case, the fourth district court affirmed a trial court order granting a similar discovery motion, and this despite the fact that the husband had filed a written admission that he was worth five million dollars and that he was well able to satisfy the needs of the wife and children, as alleged by her. Said the court, in the Parker case,
"We must say, based upon our understanding of the Rules and the philosophy behind them, that we do not look with favor upon the husband's position in not wishing to reveal any of the details of his financial position and his effort to bridle the dependents' discovery rights by substituting his secondary non-verifiable conclusion in lieu of primary detailed facts. The adversary and the court are entitled to the whole factual picture to the end that an independent complete understanding and evaluation may be had."
Since the trial court possesses broad discretion, not only in the granting or refusing of a discovery motion, but also for the protection of the parties against the possible abuse of this procedure, Rule 1.310(b) F.R.C.P., 30 F.S.A., it follows that only an abuse of this discretion by the chancellor would constitute fatal error. Petitioner argues that the order in question had the effect of denying to the court any information whatever concerning the husband's ability to pay alimony and concerning other issues as well. Respondent argues that the admissions contained in his "motion for protection" eliminated the issue of his financial ability, leaving only the question of the wife's need for determination by the court.
We agree with the petitioner that the chancellor committed reversible error in immunizing the respondent from all inquiry concerning his financial worth. It is well established that the financial ability of the parties is one of the more important elements that enter into the determination of the amount of alimony and other allowances. 24 Am.Jur.2d "Divorce and Separation," Sec. 613; 27B C.J.S. Divorce § 241; 1 A.L.R.2d 123, 157. Here, the order complained of apparently precluded any consideration of this important factor by the chancellor. Moreover, we do not understand how anything contained in the husband's "motion for protection" had the effect of eliminating the issue of the husband's financial ability from the courts' consideration. He admitted nothing by his undertaking merely "to answer any reasonable order for costs, fees or other allowances." Further, to questions propounded to respondent by petitioner's counsel in a deposition, the respondent-husband answered that he could get $15,000 if he had to and as to his financial worth admitted only that he was worth less than a million dollars. The result of the order of protection did more than prevent the petitioner-wife from showing the husband's ability to pay and his standard of living and that of the parties during their ill-fated marriage. It also prevented the wife's requiring the husband to produce evidence or answer questions which would reflect on the issues of his residency and commission of adultery by him with an alleged secretary. Both issues were raised by the wife's pleadings.
There are no doubt many instances in which a court should exercise its power to protect a party against an unwarranted disclosure of the details of his financial holdings. In the instant case none are made to appear. Therefore, under the facts of this case we are forced to conclude that the chancellor abused his discretion in entering the order of protection.
We think the case of Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169, is distinguishable on its facts and also because it applied old Equity Rules 48 and 49, while the instant case involved the more liberal existing rule *99 of civil procedure. Rule 1.280(b) F.R.C.P. In any event, we think the pronouncements in Parker v. Parker, supra, are more likely to produce a better result and decrees based on facts found in the record than the procedure followed in the Jacobs case.
Respondent argues that a reversal of this cause will accomplish nothing other than allowing petitioner to search through respondent's financial records "with no different result in the final decree of divorce." We do not know that this will be the result. In any event, if such is the result and there is an appeal, the appellate court will have the opportunity to measure the decree according to record evidence.
For the reasons above expressed, the decision of the district court is quashed with directions to remand the cause to the chancellor for further proceedings consistent herewith.
It is so ordered.
ROBERTS, DREW and ERVIN, JJ., concur.
THOMAS, Acting C.J., dissents because of lack of jurisdiction.