352 So.2d 950 (1977)
Betty Jo DIXON, Formerly Betty Jo Moody, Appellant,
v.
Howard Wilson MOODY, Appellee.
No. FF-485.
District Court of Appeal of Florida, First District.
December 13, 1977.
*951 Jerry R. Poole, of Pinkston & Poole, Jacksonville, for appellant.
Floyd G. Yeager, Jacksonville, for appellee.
BOYER, Judge.
No recitation of facts is necessary to resolve the two issues presented by this appeal nor to announce or clarify (if such be necessary) the controlling law.
Appellant first contends that the trial court erred in admitting evidence, over her objection, in a proceeding by her seeking an increase in child support payments awarded by a prior final judgment in a dissolution proceeding, as to the value of property awarded to her by that final judgment pursuant to a pre-judgment stipulation of the parties. We hold that it was and is properly within the discretion of a trial judge, when considering an award of child support or a modification thereof, to allow evidence of, and to consider, any and all assets owned by either or both parties, regardless of the source of those assets. The source from which the possessing party obtained a particular asset, and the nature of the asset (viz: whether fixed or liquid) are factors which may be considered by the trial court, and it is not error to admit evidence of the existence and possession of the asset. (For a somewhat similar holding see Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973)).
Appellant next urges that the trial court erred in the amount by which the child support was increased. Although the increase in award was, in our view, conservative, we cannot hold, giving the order of the trial court the presumption of correctness required by law, that he abused his discretion and thereby erred.
AFFIRMED.
McCORD, C.J., and MILLS, J., concur.