361 So.2d 773 (1978)
Helen Louise ALTERMAN, Appellant,
v.
Sidney ALTERMAN, Appellee.
No. 77-1466.
District Court of Appeal of Florida, Third District.
July 18, 1978.
Rehearing Denied September 6, 1978.
Hilton R. Carr, Jr., and L.J. Cushman, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Harold L. Ward, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this interlocutory appeal from an order of the *774 trial court granting appellee's, defendant below, motion to quash a notice to produce documents at the taking of his deposition. We affirm.
Appellant and appellee were granted a divorce on November 13, 1963. At that time appellant was awarded $600 per month alimony. On September 21, 1976, appellant filed a petition for modification seeking an increase in the alimony award from $600 to $2000 per month. Pursuant to that action, appellant served appellee with a notice to produce certain documents relating to his financial status. Appellee filed a response to the petition and a motion to quash the notice to produce. On June 2, 1977, the trial court entered an order granting appellee's motion to quash. From this order appellant appeals.
Appellant's basic point on appeal is that the trial court erred in entering the order granting appellee's motion to quash the notice to produce.
In support of her position, appellant relies upon Orlowitz v. Orlowitz, 199 So.2d 97 (Fla. 1967), and Parker v. Parker, 182 So.2d 498 (Fla. 4th DCA 1966). In our opinion, the Orlowitz and Parker cases are inapplicable to the facts of the instant action. In both of those cases, the discovery sought related to the many facets of the financial matters pertaining to an original divorce action, whereas, in the instant case the sole issue before the trial court was the propriety of an increase in the amount of appellant's alimony which had been awarded approximately 14 years earlier in the original divorce proceeding between the parties. In the instant action, appellee responded unequivocally to appellant's petition that he was financially able to pay the increase in alimony sought by appellant. Based on the record, neither the question of appellee's ability to pay nor the concerns catalogued in Parker, at 500-01, are present. The only question is whether appellant is entitled to an increase in her alimony payments.
As stated by the Supreme Court of Florida in Orlowitz, at 98, a trial court possesses broad discretion in granting or denying motions in discovery matters. The Court went on to say that "[t]here are no doubt many instances in which a court should exercise its power to protect a party against an unwarranted disclosure of the details of his financial holdings." In our opinion, based on the record before us, the trial court did not abuse its discretion in entering the order appealed; therefore, it is affirmed. See Fla.R.Civ.P. 1.280(c). See also Ortiz v. Ortiz, 194 So.2d 38 (Fla. 3d DCA 1967).
Affirmed.