PER CURIAM.
The single issue on this appeal is whether the trial court abused its discretion in granting a discovery motion.
By Separation and Property Settlement Agreement made between the parties in March, 1975 appellant obligated himself to pay as alimony “$300.00 per month or an amount equal to 15.5% of [his] gross income from all sources ... said amount to be adjusted annually....” He agreed to pay an equal amount on the same terms for child support. Appellant paid $600.00 for child support and alimony from the date of dissolution until 1979 when he increased the payments to $800.00 — $400.00 each for alimony and support — which continued for several months. Appellant then reduced the payments to the original $600.00 per month.
Appellee then requested appellant to produce copies of his income-tax returns for the years 1976 through 1979 to which an objection was entered. The trial court overruled the objection and ordered appellant to produce the records. Appeal is taken from that non-final order to produce.
Whether appellant is complying with the agreement to pay the alternative percentage of his gross income as alimony and child support can best be determined by an examination of his records of income for the periods in question. This court will not consider appellant’s untimely defense that the settlement agreement is ambiguous. On these facts the trial court did not abuse its discretion in granting the discovery motion. The evidence sought herein is relevant to the ostensible issue of compliance with the settlement agreement. Orlowitz v. Orlowitz, 199 So.2d 97 (Fla.1967) and Jacobs v. Jacobs, 50 So.2d 169 (Fla.1951).
Affirmed.