CAMPBELL, Acting Chief Judge.
Nancy Robinson appeals the final judgment of dissolution entered on November 23, 1981. Richard Robinson cross-appealed the lower court’s award of attorney’s fees to the wife but has abandoned review of that order.
The parties married in 1960, and during their twenty-one year marriage, they had three children. Except for brief periods early in the marriage, Mrs. Robinson did not work; she remained at home to care for the children.
When the parties moved to Naples, Florida, in 1968, the husband began working for an insurance company, and later, having received financial backing from his father-in-law, Mr. Robinson opened his own insurance agency. That insurance agency prospered, and in 1980 Mr. Robinson sold his interest in the business and received a $387,000 note. He also sold his interest in certain other business property and received a $100,000 note. Since he had signed a covenant not to compete when he sold his insurance agency, he could no longer work as an insurance agent, so he took a part-time job with a real estate firm and as a result now receives an undetermined amount of income from commissions.
At dissolution, the assets of the parties consisted of the marital home and the proceeds from the sale of the husband’s business. The trial judge awarded permanent periodic alimony to the wife in the amount of $50 per week, $100 per week per child for child support, and $25,000 in lump sum alimony.
While we recognize that a trial judge possesses enormous discretion in dissolution matters, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), a review of the record compels us to reverse as inadequate the award of alimony in this case. In Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), the court concluded that a wife’s marital contributions as a mother and homemaker should receive recognition comparable to the monetary contributions of the husband. Striking this balance avoids unfairness and prevents the wife from being “short changed.” Brown. An alimony award must be based on need and ability to pay. Although the stated needs *467 of the wife exceed $3000 per month, her alimony and child support payments fall far below this figure. The husband receives at least $7000 per month in principal and interest from the sale of his business and properties. This does not include income from real estate sales commissions.
Absent an explanation by the trial judge for the small amount of alimony awarded the wife in this case, it appears to us on its face to be clearly inadequate in view of the needs of the wife and the substantial assets and income of the husband. Beville v. Beville, 415 So.2d 151 (Fla. 4th DCA 1982).
Accordingly, we reverse the awards of permanent periodic and lump sum alimony and remand for the trial judge to make a more equitable award. We affirm the remaining portions of the final judgment including that fixing child support. Reversed in part, affirmed in part, and remanded.
SCHOONOVER, J., and CLINTON A. CURTIS, Associate Judge, concur.