MILLS, Judge.
Wilson, as personal representative of the Estate of Joan Lyles Ratliff, brought suit against Charter Marketing Company alleging negligence in the design and operation of one of its self-service gasoline stations located in Jacksonville. Ratliff was killed in an automobile accident which occurred at the station.
Wilson filed a request for production of documents, requesting “all accident reports or incident reports regarding injuries to employees and/or customers at any Charter Gas Station ... for a period of five years prior to August 12, 1979.” Charter owned over 400 service stations, and its objection to this request on the ground that it was too broad was sustained by the trial court.
Wilson also served a set of interrogatories on Charter, one of which asked whether any accidents similar to the one alleged in the complaint had occurred at any of its service stations. Charter responded that two such accidents had occurred, and it provided reports of those accidents to Wilson.
Arguing at trial that this accident was not reasonably foreseeable, Charter emphasized the low number of accidents similar to the one alleged in the complaint which had occurred at its stations. The jury rendered a verdict for Charter, and judgment was entered accordingly.
After judgment had been entered, Wilson discovered reports of five accidents which she alleged should have been disclosed pursuant to her interrogatory. She moved for a new trial pursuant to Rule 1.540(b)(3), Florida Rules of Civil Procedure, alleging fraud, misrepresentation, or other misconduct on the part of Charter. This appeal followed the denial of that motion.
Wilson first contends that the trial court erred in sustaining Charter’s objections to her request for production of documents. The production of these documents allegedly would have aided Wilson in effectively cross-examining one of Charter’s expert witnesses. However, the trial court possesses broad discretion in granting or refusing such a discovery motion, and we find no abuse of discretion here. Orlowitz v. Orlowitz, 199 So.2d 97 (Fla.1967).
Citing the analogous Federal Rule of Civil Procedure, Rule 60(b)(3), and Rozier v. Ford Motor Company, 573 F.2d 1332 (5th Cir.1978), Wilson further contends that Charter’s failure to disclose the additional five accident reports warranted a new trial. Charter concedes that one of these reports should have been made available for discovery but asserts that it was somehow overlooked.
There are no Florida cases dealing with this issue. However, “[bjecause the Florida Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, federal decisions are highly persuasive in ascertaining the intent and operative effect of various provisions of the rules.” Wilson v. Clark, 414 So.2d 526, 531 (Fla. 1st DCA 1982). In order to be successful under a Federal Rule 60(b)(3) motion, the moving party must establish by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense. Bunch v. United States, 680 F.2d 1271 (9th Cir.1982). Even assuming that Charter’s conduct here was fraudulent or otherwise wrongful, we are convinced that Wilson was not prevented from fully and fairly presenting her case. The *162 additional reports concerned accidents which were so remote in time, place, and similarity that they would have been inadmissible at trial. Therefore, Wilson was not prejudiced by Charter’s failure to disclose the existence of these reports.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.