RYDER, Judge.
This is the second appeal by Nancy S. Robinson concerning the distribution of *384 property in a dissolution of marriage proceeding. In the prior appeal, this court reversed awards of permanent periodic and lump sum alimony, and remanded the case “for the trial judge to make a more equitable award.” Robinson v. Robinson, 418 So.2d 465 (Fla. 2d DCA 1982).
The trial court initially awarded to Mrs. Robinson permanent alimony of $50.00 per week and lump sum alimony of $25,000.00. On remand, the trial court struck the award of $50.00 per week, ordered Mr. Robinson to pay periodic alimony of $10,-000.00 per year for as long as he receives payments on notes from Gulfshore Insurance, Inc. and David J. Shanard, and otherwise “ratified and confirmed” the final judgment.
As was stated in this court's earlier opinion, we recognize the broad discretion of a trial judge to apportion assets and provide necessary support in a dissolution of marriage proceeding. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). An appellate court is to review the trial court’s exercise of its discretion using a test of reasonableness:
If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion_ The trial court’s discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result.
Id. at 1203; Weeks v. Weeks, 416 So.2d 811 (Fla. 4th DCA 1982); Peak v. Peak, 411 So.2d 325, 327 (Fla. 5th DCA 1982); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980), petition for review denied, 397 So.2d 778 (Fla.1981).
In our view, the amended award to Mrs. Robinson is still clearly inadequate in light of her needs and the assets and income of Mr. Robinson. See Robinson, supra. Her stated needs exceed $3,000.00 per month; he receives approximately $7,000.00 per month in principal and interest from the notes of Gulfshore Insurance, Inc. and David J. Shanard (from the sale of his business and properties). The amended award does not do equity between the parties.
We hold that Mrs. Robinson is entitled to 25% of the monthly proceeds received by Mr. Robinson from the notes previously mentioned. This is in lieu of the $10,000.00 per year periodic alimony awarded by the trial court. Additionally, Mrs. Robinson is awarded permanent periodic alimony of $50.00 per week. The trial court is directed to issue an order incorporating the awards so ordered.
On remand, the trial court is to arrange a method of payment of the parties’ respective interests in the proceeds of the notes requiring a financial institution to hold the notes, receive payments on the notes, and disburse the proceeds to the parties. This will serve to protect the parties from the improper disposition or negotiation of the notes, and will assure the prompt and accurate disbursement of the proceeds without placing an undue burden on the circuit court. Any administrative costs incurred by utilizing this procedure is to be paid from the gross proceeds of the notes, with each party to suffer a reduction in the amount of their net proceeds in proportion to their share of the proceeds. Furthermore, the trial court is to retain jurisdiction in order to entertain the motions of either party (or the financial institution) concerning this award.
REVERSED and REMANDED for proceedings consistent with this opinion.
GRIMES, A.C.J., and EVANS, VERNON W., Jr., Associate Judge, concur.