445 So.2d 362 (1984)
Joseph Ensign GRANVILLE, Appellant,
v.
Paulina Delp GRANVILLE, Appellee.
No. AV-3.
District Court of Appeal of Florida, First District.
January 26, 1984.
*363 Elaine N. Duggar of Gardner, Shelfer & Duggar, P.A., Tallahassee, for appellant.
David A. Barrett of Barrett, Bajoczky & Barrett, Tallahassee, for appellee.

ON PETITION FOR WRIT OF CERTIORARI
ERVIN, Chief Judge.
Petitioner (husband) seeks a writ of certiorari directed to an interlocutory order denying his motions to strike alimony and for protective order preventing respondent's (wife) inquiry into his financial status. Finding that the denial of the motion to strike alimony is a departure from the essential requirements of law, and that the denial of the protective order would result in irreparable harm not remedial by direct appeal, we grant the petition and quash the trial court's order.
A final judgment dissolving the Granvilles' marriage was entered on July 25, 1980, which approved and incorporated a property settlement that the parties had executed. Pursuant to the terms of the judgment, the wife received custody of the two minor children, aged fourteen and fifteen, and the husband was ordered to pay child support in the total sum of $2,000 per month until the younger child's either reaching age eighteen, dying, marrying or becoming self-supporting, without any reduction upon the older child's achieving her majority. The husband also agreed to provide for the reasonable expenses of the children's college and graduate education. The wife was awarded lump sum alimony of $250,000, payable in four installments, and husband assigned to her any rights he had in the Joseph E. Granville Irrevocable Trust of Westport, Connecticut, and in royalties from sales of his books then published by Prentice Hall. The parties also agreed to a mutual release which was incorporated into the final judgment, wherein each party released the other from "any claim or entitlement either may have against the other for any and all alimony (permanent, temporary and rehabilitative all inclusive), support and maintenance." The trial court retained jurisdiction only for the purpose of entering "such further orders as may be deemed necessary by this court to enforce the provisions of this final judgment."
*364 The wife later filed a petition seeking both to enforce and modify the final judgment, by asking for an increase in alimony and child support.[1] In an attempt to accomplish these goals, she requested the husband to produce certain documents,[2] and filed extensive interrogatories,[3] demanding extensive information concerning the husband's financial status. The latter responded by moving to strike from the petition all references to alimony, asserting that lump sum alimony is not subject to modification. The lower court, as stated, denied the motion.
We agree with husband's position in regard to the wife's request for increased alimony. The law is well settled that an award of lump sum alimony is a vested right which is neither terminable upon death or remarriage, nor is it subject to modification, even if made payable in installments. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980); Philipose v. Philipose, 431 So.2d 698 (Fla.2d DCA 1983); Sedell v. Sedell, 100 So.2d 639 (Fla.1st DCA 1958). We therefore find that the trial court erred in denying the motion to strike the request for additional alimony.
The husband's motion for protective order sought to prohibit inquiry into his financial status on the following grounds: (1) Wife is importuning modification solely on her changed financial circumstances, and husband should be protected from annoyance, embarrassment, oppression, or undue burden or expense. (2) Husband is willing to stipulate that he is financially able and willing to pay a reasonable amount to support the children. (3) Husband has sought to ascertain from the wife the specific sum of child support she wishes, but has been unable to obtain this information from her. (4) Husband's private finances should not be made a matter of public record as he earns his livelihood by rendering financial advice to the public.[4] This motion was also denied.
We recognize that child support agreements are always subject to judicial modification whenever there is a sufficient showing of a change in circumstances from the time of the award, Cannon v. Morris, 407 So.2d 372 (Fla.1st DCA 1981), and that it is within the discretion of the trial judge to allow evidence of assets owned by either or both parties when considering modification of child support. See Dixon v. Moody, 352 So.2d 950 (Fla.1st DCA 1977). Such discretion is not unbridled, however. Florida Rule of Civil Procedure 1.280(c), dealing with protective orders, provides:
Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, *365 embarrassment, oppression, or undue burden or expense that justice requires, ... .
In view of the unique circumstances regarding husband's reputation and career as a market forecaster; the fact that he has stipulated to his financial ability and willingness to pay a reasonable increase in child support; the almost oppressive interrogatories requested by the wife, as well as her failure to specify any dollar amounts of the modifications requested, we find that the trial court erred in denying husband's motion for protective order in that such denial would, in our opinion, result in irreparable harm that could not be cured on direct appeal.[5]Cf. Alterman v. Alterman, 361 So.2d 773 (Fla.3d DCA 1978); Palmar v. Palmar, 402 So.2d 20 (Fla.3d DCA 1981).
Accordingly, husband's petition for writ of certiorari is granted, and the cause is remanded for further proceedings consistent with this opinion.
THOMPSON, J., concurs.
NIMMONS, J., concurs specially with an opinion.
NIMMONS, Judge, specially concurring.
I concur in the Court's opinion with the exception of the weight that the opinion appears to attach to the "unique circumstances regarding husband's reputation and career as a market forecaster." Although a party may be entitled to appropriate limitations on discovery of such matters as trade secrets, he is not entitled to blanket insulation from discovery merely because he happens to be a financial market forecaster.
NOTES
[1] The petition alleged that beginning in December of 1982, the husband paid only $1,000 per month child support, but that he had declined to pay various expenses related to the education of the children, and that she and the minor son were involved in an auto accident, so that she was less able to provide for herself and the son's greater needs.
[2] The request was for production of the following documents:

(1) copies of all personal and corporate income tax returns for 1980, 1981 and 1982;
(2) copies of all checks, bank statements, bank records, financial affidavits, financial statements, profit and loss statements, and net worth statements prepared or filed in the last year;
(3) original check stubs from paychecks received in the past 12 months;
(4) copies of all policies of insurance (life, health, disability, casualty) in effect during the past 2 years;
(5) evidence of all ownership of real or personal property; and
(6) evidence of all ownership of corporate stock, bonds and securities.
[3] The interrogatories inquired, inter alia, as to all property, personal and real, owned by husband and any gifts made thereof during the previous five years, any encumbrances or liens on the property, all corporate stocks and bonds owned by husband, any partnership interests, all bank accounts and certificates of deposit, loans, tax deductions taken and tax returns for 1980 through 1982, insurance policies, and safety deposit boxes and their contents.
[4] Husband is a nationally known financial market forecaster.
[5] Wife argues that Orlowitz v. Orlowitz, 199 So.2d 97 (Fla. 1967) requires us to uphold the denial of husband's motion for protective order. We find Orlowitz distinguishable on the facts, and note also the statement of the court that "[t]here are no doubt many instances in which a court should exercise its power to protect a party against an unwarranted disclosure of the details of his financial holdings." Id. at 98.