BOOTH, Judge.
Appellant Virginia Shrine, appeals an order entered by the trial court modifying a previous modification of a final judgment of divorce. The question presented is whether the modification satisfied the requirements of this Court’s prior opinion in the cause, Shrine v. Shrine, 429 So.2d 765, 766-67 (Fla. 1st DCA 1983), wherein the court held:
The record reveals a marked disparity in the financial status of the parties, to the extent that we find that appellant has been “short-changed” under the principles of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)_ The total payments to appellant from appellee, even with the increases ordered by the trial court, and viewing that amount in proportion to appellee’s retirement income alone, fall short of adequate support during this period of appellant’s life. The trial court should consider this military pension as an asset and property of ap-pellee as well as another source in providing the needs of appellant. Higgins v. Higgins, 408 So.2d 731 (Fla. 1st DCA 1982). Justice demands that appellant and the minor children of the marriage be restored to a more reasonable approximation of the standard of living they experienced during the marriage. Consequently, we reverse the $100 monthly increase in permanent alimony and remand the question of an increase in permanent alimony to the trial court for a more equitable result consistent with this opinion.
The trial court order[1] which was reversed as inadequate required Bertram Shrine to pay a total of $1,000 per month for alimony and support for the two minor children. In reversing that award this Court found that it fell short of adequate support for the family and was contrary to the demands of justice, as quoted above. The order directed an increase in permanent alimony so that the family could be “restored to a more reasonable approximation of the standard of living they experienced during the marriage.”
On remand the trial court did in fact increase permanent alimony by $200 per month, however, the increase awarded was more than offset by the termination of rehabilitative alimony and the end result is a decrease in the amount of support and alimony from $1,000 a month to $900 a month. Further, the family’s right to use and occupancy of the marital home expired July 1, 1982. Therefore, although the trial court increased permanent alimony, and is in compliance with the prior judgment of this Court to that extent, the increase fails to entirely meet the requirements of this Court’s prior opinion.
The facts concerning the prior proceedings and the circumstances of this family are set out in the prior opinion of the Court, cited swpra, and of record here. Mrs. Shrine works for minimum wage at part-time jobs and earns approximately $450.00 per month, gross. Mr. Shrine, a retired Naval officer, has employment in the private sector receiving retirement, salary and bonuses, in excess of $6,000 a month, gross. The parties were married for 23 years and seven children were born of the marriage, two of whom are still minors residing at home. Nothing in the record before us supports the conclusion that the reduction from $1,000 per month to $900 per month alimony and support will restore “a more reasonable approximation of the standard of living they experienced during the marriage”, as required by our prior opinion.
Under the circumstances, there is precedent for the appellate court to act directly without remand for further reconsideration by the trial court. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977); Robinson v. Robinson, 442 So.2d 383 (Fla. 3d DCA 1983). We do so, and award $1,100 per month permanent alimony, nunc pro tunc the prior mandate of this Court, *28 April 28, 1983, with the arrearage now due and payable promptly in lump sum or periodically to commence immediately and be completed within 12 months hereof, as determined by the trial court. Unchanged by our award herein is the $400 per month child support previously awarded.
Accordingly, the cause is remanded with directions for entry of an order in accordance herewith.
WENTWORTH, J., concurs.
ERVIN, C.J., dissents without written opinion.

. Order of April 14, 1982 awarded $300.00 per month rehabilitative, $300.00 per month permanent, alimony and $400 per month support for two minor children for a total of $1,000. Wife and children had use of marital home until July 1, 1982.