PER CURIAM.
By petition for common law certiorari, the petitioners contend that the trial court departed from the essential requirements of law in denying a protective order in regard to a request for production. We have jurisdiction. Orange County v. Florida Land Company, 450 So.2d 341 (Fla. 5th DCA 1984); East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982); Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1981).
The action below commenced with a complaint for damages for anticipatory breach of a contract by Caribbean Security, and its successor Amtel, to supply a certain computerized residential alarm system. The Request to Produce reads in part as follows:
“1. All Corporate Minutes of AMTEL SECURITY SYSTEMS, INC. for the period of time from June, 1983 to the present.
2. All Balance Sheets, General Ledger Accounts, Inventory Reports, and other financial records of AMTEL SECURITY SYSTEMS, INC. for the period of time from June, 1983 through the present.
3. All Documents by and between AMTEL SECURITY SYSTEMS, INC. and CARIBBEAN SECURITY SYSTEMS, INC.
* * * * * *
7. All Documents by and . between Jack White or Howard Shidlowsky and AMTEL SECURITY SYSTEMS, INC.
* * * * * *
9. The lease agreement between AM-TEL SECURITY SYSTEMS, INC. and *655 the landlord of the premises where AM-TEL SECURITY SYSTEMS, INC. maintains its corporate offices.
10. All bank statements and other bank records of AMTEL SECURITY SYSTEMS, INC. from June, 1983 to the present.
11. All Documents which relate or refer in any way to any of the matters raised in the Complaint or Defendant, AMTEL SECURITY SYSTEMS, INC.’s Answer to the Complaint, not encompassed by previous requests.”
The definition of documents as contained in the Request was all inclusive.[1]
In response to plaintiffs request to produce and in Amtel’s motion for protective order, it was pointed out that the plaintiff, Security, is a competitor, that the information sought was irrelevant, constituted an intrusion, was burdensome and was too broad in scope as to time and subject matter.
We find that the above enumerated requests are too broad in scope as to time and lack specificity as related to the issues as made by the pleadings, plus they are an unwarranted intrusion of the defendant’s business, as well as burdensome.[2] Palmer v. Servis, 393 So.2d 653 (Fla. 5th DCA *656 1981); Argonaut Insurance Company v. Peralta, 358 So.2d 232 (Fla. 3d DCA 1978); Begel v. Hirsch, 350 So.2d 514 (Fla. 4th DCA 1977).
The purpose of modern discovery is to disclose items that may lead to evidence on the issues as framed by the pleadings. City of Miami v. Fraternal Order of Police, 346 So.2d 100 (Fla. 3d DCA 1977); Reynolds v. Hofmann, 305 So.2d 294 (Fla. 3d DCA 1974); Jones v. Seaboard Coast Line Railroad Company, 297 So.2d 861 (Fla. 2d DCA 1974). Discovery of documents in the possession of another party to a lawsuit is not to be used for the purpose of harassment. Fritz v. Norflor Construction Company, 386 So.2d 899 (Fla. 5th DCA 1980); Balzebre v. Anderson, 294 So.2d 701 (Fla. 3d DCA 1974); Compare Buckley Development Co., Ltd. v. Tagrin, 270 So.2d 433 (Fla. 3d DCA 1972). To require “documents” as defined by the plaintiff to be produced by the defendant, would in fact cause it to bring its business activities to a halt.[3]
Wherefore, we grant the petition for cer-tiorari and quash the order denying protection with directions to the trial court to enter an order denying the requested production of items number 1, 2, 3, 7, 9,10 and 11.
Quashed and remanded with directions.
BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ., concur.

. By definition, in the Request to Produce, document is defined as:
"A. ‘Document’ means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to correspondence, messages, telegraphs, contracts, checks, memoranda or notes of telephone or other oral conversations, studies, surveys, charts, reports, minutes, notes, diaries, schedules, cancelled checks, graphs, contracts, checks, memoranda or notes of telephone or other oral conversations, studies, surveys, charts, reports, minutes, notes, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, phonograph recordings, electronically stored data, whether originals, copies, or drafts, however produced or reproduced."

. The applicable Rules of Civil Procedure provide the following.
"Rule 1.280.
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
“Rule 1.350.
(a) Request; Scope. Any party may request any other party (1) to produce and permit the party making the request, or someone acting in his behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phonorecords and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed; or (2) to inspect and copy, test or sample any tangible things that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed; or (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object or operation on it within the scope of Rule 1.280(b).
(b) Procedure. Without leave of court the request may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading on that party. The request shall set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on the defendant. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the *656 objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request."
“Rule 1.410.
(b) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or tangible things designated therein but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents or tangible things.”

. Briefly, a look at the items to be reproduced: under item number 1, the plaintiff would be entitled to corporate minutes that might relate to corporate stock issues, possibly mergers, financing, issuance of debentures, etc., all of which are immaterial to the breach of contract action; as to item number 2, the inventory of the defendant and what are its financial records, do not relate to an anticipatory breach of contract; as to number 3, this is obviously too broad as to time and scope; as to number 7, these parties are not even identified in the complaint as having any relation to either defendant; as to number 9, whatever lease the defendant may have with its landlord is completely immaterial to the charges made in the complaint; as to item number 10, there is no claim for punitive damages and no allegations in the complaint justifying a production of all bank statements and cancelled checks, and as to item number 11, this is too broad in time and scope and fails to specify any specific issue.