PER CURIAM.
This is an appeal from a non-final order denying the wife Gilda S. La Paz Calvo’s *834 motion for a protective order wherein she sought to preclude discovery of her financial status. This order was entered in post-judgment proceedings which the wife brought to enforce a final judgment of marriage dissolution against the husband Juan J. Calvo and to accelerate future payments due thereunder. We treat this appeal as a petition for a writ of certiorari, see Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Kilgore v. Bird, 149 Fla. 570, 582, 6 So.2d 541, 545 (1942); Fla.R.App.P. 9.040(c); see generally, Wetherington, Appellate Review of Final and Non-final Orders in Florida Civil Cases — An Overview, 47 Law & Contemp. Probs. 61, 81, 84 (1984), grant the subject petition, and quash the order under review.
The wife claims in her petition filed below that the husband is in considerable arrears under the final judgment and has paid her only $5,000 pursuant thereto. The husband does not deny that he is in arrears under the final judgment and admits that he has paid the wife only $5,000 thus far; however, he disputes the amount of arrear-ages due and owing. There was no issue concerning the wife’s financial resources raised below, either by the wife’s petition or the husband’s response thereto; rather, the sole issues below were (a) the amount which the husband owes the wife under the final judgment, and (b) whether future payments due thereunder should be accelerated based on the husband’s past performance of nonpayment.
The husband subsequently issued four subpoenas duces tecum for deposition, two on banking institutions and two on the wife’s relatives, in which he sought to discover various bank accounts and certificates of deposit held by the wife of members of her family. The wife sought a protective order from these subpoenas, and the trial court denied this request. We entirely agree with the wife’s contention that the financial records sought herein could not possibly lead to the discovery of admissible evidence because the wife’s financial status was not an issue below. Indeed, the husband has failed to demonstrate what possible relevance these records might have in the proceedings below other than to harass the wife. This being so, the order under review, which denies the wife’s motion for a protective order, was erroneously entered below and must be quashed. See Caribbean Security Systems, Inc. v. Security Control Systems, Inc., 486 So.2d 654 (Fla. 3d DCA 1986); Leonhardt v. Cammack, 327 So.2d 848 (Fla. 4th DCA), cert. denied, 339 So.2d 1167 (Fla.1976); Fla.R.Civ.P. 1.280(b)(1).
The petition for certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to grant the wife’s motion for a protective order.
Reversed and remanded.