537 So.2d 658 (1989)
Katherine Elizabeth Macdonald WALTON, Appellant,
v.
Bruce Eugene WALTON, Appellee.
No. 88-331.
District Court of Appeal of Florida, First District.
January 13, 1989.
Rehearing Denied February 20, 1989.
*659 Ernest A. Sellers of Airth, Sellers, Lewis, Decker & Prevatt, Live Oak, for appellant.
Richard T. Jones of Jones, Carter & Singer, Gainesville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a post-dissolution modification order reducing appellee's obligation to pay alimony, and increasing child support. We find that the court did not give sufficient consideration to the marital standard of living, while unduly limiting discovery of appellee's current financial status. We therefore reverse the order appealed.
When the parties' marriage was dissolved in 1976 appellee was a plastic surgeon with a net worth of nearly half a million dollars. Appellant did not work outside the home, and the parties' three minor children ranged in age from ten months to seven years. In dissolving the marriage the court distributed various items of property, and ordered that appellee pay permanent alimony in the amount of $900 per month, and monthly child support in the amount of $300 per child. Appellee appealed, and this court affirmed in Walton v. Walton, 354 So.2d 464 (Fla. 1st DCA 1978).
Appellant returned to school and obtained both a master's degree in public administration and a law degree. She obtained employment as an attorney, and appellee then filed a petition for modification seeking to terminate or decrease alimony. Appellant counter-petitioned, seeking an increase in both alimony and child support.
Appellant made numerous attempts to obtain information regarding appellee's current financial circumstances. She requested the production of records, submitted interrogatories, and attempted to take various depositions. The court required appellee to provide a financial affidavit. Appellee did so, but otherwise resisted discovery by asserting that he is able to pay any reasonable increase in alimony or child support. The court entered an order precluding the discovery of other financial information.
Appellee's financial affidavit indicates that his medical practice is prospering, with a gross weekly income exceeding $3,000. Subsequent to the dissolution of the parties' marriage appellee purchased a home for approximately $360,000. Appellant's gross annual salary is slightly over $28,000, and she and the children have lived in a home which she purchased for less than $58,000. The children were moved from private schooling to public education, and the oldest child has reached the age of majority and is now in college. Appellee presented evidence that she has had to borrow substantial amounts of money from her parents to pay various bills and living expenses.
At the modification hearing appellant attempted to present evidence as to the parties' marital standard of living. The court refused to permit such evidence, declaring that anything which predates the dissolution is immaterial. At the conclusion of the hearing the court found that appellant is now largely self-supporting, and that her *660 circumstances have materially changed. Alimony was converted from periodic to rehabilitative and decreased from $900 to $500 per month, lasting for 30 months. Monthly child support was increased to $700 per child.
While the circumstances might permit some modification of alimony and child support, the court's order was entered without full disclosure as to appellee's current financial position. Such knowledge is usually necessary to assess the reasonableness of alimony and support. See Eyster v. Eyster, 503 So.2d 340 (Fla. 1st DCA 1987), review denied 513 So.2d 1061 (Fla. 1987). Even though a party may concede the ability to pay any reasonable award, ordinarily the court should still insure that the parties are not precluded from presenting "the whole factual picture" for an independent and complete understanding and evaluation by the court. See Eyster, supra.
In other contexts the financial status of a party has been protected from discovery. See Granville v. Granville, 445 So.2d 362 (Fla. 1st DCA 1984). But in Granville the court did not merely rely upon the representation that any reasonable award could be paid. Rather, the court also considered what it described as unique circumstances encompassing the resisting party's reputation and career in the financial market, and interrogatories which were almost oppressive. The present case does not involve these factors, and with the limited discovery of appellee's financial circumstances the court was not fully able to accurately and independently assess the parties' relative means.
The court also prohibited any evidence as to the parties' marital standard of living. In refusing to consider the marital standard, and limiting discovery of appellee's financial circumstances, the court failed to properly address the parties' petitions for modification. As indicated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the court must seek to insure that neither spouse passes from misfortune to prosperity, or prosperity to misfortune, at the expense of the other. Consideration of the marital standard of living is appropriate in modifying the provisions of a dissolution judgment. See Shrine v. Shrine, 454 So.2d 26 (Fla. 1st DCA 1984), review denied, 461 So.2d 116 (Fla. 1984). In this regard the court should seek a "reasonable approximation of the standard of living ... experienced during the marriage," consistent with the financial resources of the parties. See Shrine, supra.
The court erred by unduly limiting discovery of appellee's financial circumstances, while declining to consider the standard of living experienced during the parties' marriage. We therefore reverse the order appealed and remand the cause.
MILLS and SHIVERS, JJ., concur.